# In the United States District Court for the Western District of Texas

| | | |
|---|---|---|
| DAVID GOYNE, | § § § | |
| *Plaintiff* | § § | |
| v. | § § | Civil Action No. SA-08-CA-1017-XR |
| WARDEN PAUL MORALES, | § § § | |
| *Defendant* | § | |

## ORDER

On this date the Court considered the Report and Recommendation of the United States Magistrate Judge (docket no. 4) and Plaintiff's objections thereto. Upon Plaintiff's institution of this lawsuit, the Court referred the case to the Magistrate Judge for initial consideration and for a ruling on Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Magistrate Judge then recommended that the Court dismiss with prejudice Plaintiff's complaint as frivolous. Having carefully considered the recommendation of the Magistrate Judge and Plaintiff's objections thereto, the Court accepts the Magistrate Judge's recommendation and DISMISSES this case.

### I. Background

This is a civil action brought under 42 U.S.C. § 1983 by Plaintiff, David Goyne, an inmate of the Texas Department of Criminal Justice–Correctional

Institutions Division ("TDCJ-CID"), against Paul Morales, the senior warden at the facility in which Plaintiff is being held.[1] In this action, Plaintiff generally takes issue with Defendant's actions requiring Plaintiff to labor as part of Plaintiff's punishment. In the complaint, Plaintiff specifically contends that the imposition of forced labor upon him violates the Thirteenth Amendment's prohibition of involuntary servitude, the Tenth Amendment, the Separation of Powers Doctrine, the Due Process Clause, the Ex Post Facto Clause, and the Double Jeopardy Clause.

## II. Standard of Review

Section 1915(e)(2) requires the dismissal of an *in forma pauperis* proceeding which is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim upon which relief can be granted, a complaint need not contain detailed factual allegations, but must include more than labels and conclusions or a formalistic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). Factual allegations must be enough to raise a right to relief above the speculative level. *Id*. Dismissal of a claim as frivolous is permissible when the complaint lacks an

---

[1] Plaintiff pled guilty in the 259th Judicial District Court of Jones County to murder and was subsequently sentenced to serve 45 years in the TDCJ-CID.

2

arguable basis either in law or in fact, or relies upon an indisputably meritless legal theory. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

In reviewing the Magistrate Judge's recommendation, the Court must conduct a de novo review of any of the Magistrate Judge's conclusions that Plaintiff has specifically objected to. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). As to the portions of the report which are not objected to, the Court needs only to review those portions to determine whether they are clearly erroneous or contrary to law. *Id.*; *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).

### III. Analysis

**A.     Thirteenth Amendment**

Plaintiff complains that, while in prison, Defendant required Plaintiff to perform labor against his will, in violation of the Thirteenth Amendment. The Magistrate Judge concluded that Plaintiff's involuntary servitude claim was frivolous. The Thirteenth Amendment permits involuntary servitude without pay as punishment after conviction of an offense, even when the prisoner is not explicitly sentenced to hard labor. U.S. CONST. amend. XIII, § 1; *Smith v.*

*Dretke*, 157 F. App'x 747, 748 (5th Cir. 2005). Moreover, the Fifth Circuit Court of Appeals has explicitly upheld work requirements in Texas prisons against the challenge that such a practice amounted to involuntary servitude. *Walker v. Director Tex. Dept. of Criminal Justice*, 177 F. App'x 426, 426 (5th Cir. 2006); *Ali v. Johnson*, 259 F.3d 317, 318 (5th Cir. 2001).

Nevertheless, "a prisoner who is not sentenced to hard labor retains his thirteenth amendment rights." *Watson v. Graves*, 909 F.2d 1549, 1552 (5th Cir. 1990). Plaintiff claims that his sentence mandated physical confinement but not forced labor. However, the Court agrees with the Magistrate Judge that Texas law provides that Plaintiff's sentence automatically includes compulsory labor. As the Magistrate Judge recognized, Texas law not only authorizes but requires compulsory work for all prisoners capable of working. The TDCJ "shall require each inmate and each defendant or releasee housed in a facility operated by or under contract with the department to work in an agricultural, industrial or other work program to the extent that the inmate, defendant or releasee is physically and mentally capable of working." TEX. GOV'T CODE § 497.099(a).[2]

---

[2]Plaintiff's offense was committed on August 20, 1999. Section 497.099 became effective on September 1, 1999. However, the predecessor to section 497.099, TEXAS GOVERNMENT CODE § 497.090, in effect from September 1, 1995 to August 31, 1999, likewise mandated inmates to work. *McBride v. TCDJ-ID*, 964 S.W.2d 18, 24 n.2 (Tex. App.–Tyler 1997) ("As of September 1, 1995, requiring inmates to work is no longer discretionary, but is mandated by law.") (citing TEX. GOV'T CODE ANN. § 497.090). Therefore, whether section 497.099 or its predecessor applies to Plaintiff's sentence, Texas law requires that compulsory labor shall be part of Plaintiff's punishment.

Under this statutory scheme, it is immaterial whether Plaintiff was explicitly sentenced to hard labor. *Smith v. Dretke*, 157 F. App'x 747, 748 (5th Cir. 2005) ("The Thirteenth Amendment permits involuntary servitude without pay as punishment after conviction of an offense, even when the prisoner is not explicitly sentenced to hard labor."). Consequently, the Court agrees with the Magistrate Judge that Plaintiff's claims should be dismissed to the extent that he complains generally that forced labor as punishment constitutes involuntary servitude in violation of the Thirteenth Amendment.

**B.    Tenth Amendment**

Plaintiff recognizes that involuntary servitude may be constitutionally required of persons subject to punishment for commission of a federal felony. However, Plaintiff argues that Defendant's actions requiring Plaintiff to labor violates the Tenth Amendment by adopting federal punishment and applying it to a felon subject only to a sentence under Texas law. Plaintiff further contends that simply because federal felons can be forced to do hard labor by virtue of the Thirteenth Amendment does not mean that state prisoners can be required to perform hard labor.

However, as discussed above, Plaintiff was convicted and sentenced under Texas law which requires – in constitutionally permissible fashion – that Plaintiff's punishment include compulsory labor. Plaintiff's attempt to

5

recharacterize his punishment as "federal" in nature is irrelevant – whether or not aspects of his punishment resemble aspects of certain federal punishments, Plaintiff is properly subject to compulsory labor as part of his State sentence.

**C.     Separation of Powers**

Plaintiff also believes that Defendant is violating the doctrine of separation of powers by implementing § 497.099(a) when no mention of hard labor is made in the court's judgment. The Magistrate Judge determined that Plaintiff's claim under the Separation of Power doctrine was not cognizable because only state branches of power are involved. Plaintiff did not object to the Magistrate Judge's recommendation. The Court finds that the recommendation is neither clearly erroneous nor contrary to law. *See Baca v. Owens*, 293 F. App'x 247, 250 (5th Cir. 2008). The Court thus dismisses Plaintiff's separation of powers argument.

**D.     Ex Post Facto**

Plaintiff next argues that requiring Plaintiff to work violates the Ex Post Facto Clause of the United States Constitution. Plaintiff observes that he committed his offense on August 20, 1999, prior to September 1, 1999, the date on which § 497.099(a) became effective. We agree with the Magistrate Judge that Plaintiff's claim is without merit. The predecessor to section 497.099, TEXAS GOVERNMENT CODE § 497.090, in effect from September 1, 1995 to August

31, 1999, likewise mandated inmates to work. *McBride v. TCDJ-ID*, 964 S.W.2d 18, 24 n.2 (Tex. App.–Tyler 1997) ("As of September 1, 1995, requiring inmates to work is no longer discretionary, but is mandated by law.") (citing TEX. GOV'T CODE ANN. § 497.090). Therefore, whether section 497.099 or its predecessor applies to Plaintiff's sentence, Texas law has required compulsory labor to be part of Plaintiff's punishment.[3]

In his objections, Plaintiff further maintains that if he refuses to engage in prison labor, he will be disciplined with consequences which affect his eligibility for parole, and that such disciplinary measures would effectively extend the duration of his punishment in violation of the Ex Post Facto Clause. However, "good time credits affect only parole eligibility and their loss does not increase the sentence." *Farr v. Rodriguez*, 255 F. App'x 925, 927 (5th Cir. 2007) (citing *Palmer v. Texas Bd. of Paroles*, 89 F. App'x 857, 858 (5th Cir. 2009)). Therefore, no ex post facto violation arises from a loss of good time credits. *Id*.

Further, "[t]o fall within the ex post facto prohibition, a law must be retrospective–that is, 'it must apply to events occurring before its enactment'–and it 'must disadvantage the offender affected by it,' by altering the

---

[3]Plaintiff also argues that neither § 497.090 nor § 497.099 could have applied to his sentence because each is contained in the Texas Government Code, not the Texas Penal Code or the Texas Code of Criminal Procedure. The Magistrate Judge concluded that the code in which these sections are codified is irrelevant, and this Court agrees.

7

definition of criminal conduct or increasing the punishment for the crime." *Lynce v. Mathis*, 519 U.S. 433, 441 (1997). Plaintiff fails to identify as the source of his claim a law or regulation enacted since his incarceration that is being applied retroactively to increase his punishment. In fact, throughout the duration of his claim, Texas law has clearly mandated that all TDCJ inmates engage in compulsory labor.[4] The Court thus finds that Plaintiff does not state a claim under the ex post facto clause.

**E. Due Process**

Plaintiff additionally asserts that Defendant violates his right to due process by subjecting Plaintiff to forced labor when only imprisonment and fine were permissible under the applicable statute proscribing murder and only imprisonment and fine were ordered by the court. The Magistrate Judge concluded that Plaintiff's due process argument fails because compulsory labor for prisoners was and is constitutionally authorized and statutorily mandated for all TDCJ inmates, no matter the crime nor the sentence.

In his objections, Plaintiff argues that he may lose good conduct credits from his refusal to work, which would result in a violation of his due process

---

[4]*See also Franklin v. Johnson*, No. 00-1103, 2001 LW 360832, at *1 n.2 (5th Cir. March 21, 2001) (noting in 2001 that "Texas prison regulations have provided for reductions in class and loss of good conduct time as punishments for major disciplinary violations since at least 1991") (citing TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, DISCIPLINARY RULES AND PROCEDURES FOR INMATES, 13 (May 1991)). Plaintiff does not argue that any relevant change in regulations has since occurred.

8

rights.

> The Constitution does not guarantee good time credit for satisfactory behavior while in prison. However, when a state creates a right to good time credit and recognizes that its revocation is an authorized sanction for misconduct, a prisoner's interest therein is embraced within the Fourteenth Amendment's liberty concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that this state-created right is not arbitrarily abrogated.

*Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (citations omitted). Although the Texas legislature specifically states that it has not created a right to good conduct time, the Fifth Circuit has implied that a liberty interest in good-time credits, protected by procedural due process, may exist under Texas law in certain limited circumstances. *Compare Richards v. Dretke*, 394 F.3d 291, 293 (5th Cir. 2004) *with Malchi*, 211 F.3d at 957-58. This liberty interest ensures that minimum procedures will be followed at disciplinary hearings which could result in loss of good time credits. *See Richards*, 211 F.3d at 958. Plaintiff, however, has not alleged any procedural deficiencies in a disciplinary hearing. Therefore, Plaintiff has failed to allege that his procedural due process rights have been violated. *See also Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (dismissing § 1983 claim that confinement in administrative segregation, which may affect good time credits, violated due process; plaintiff failed to show he was not afforded constitutionally insufficient process). Morever, Plaintiff does not

9

allege that he has actually lost any good time credits. He only raises the possibility of loss. Therefore, Plaintiff's due process claim is not ripe. The Court thus dismisses Plaintiff's due process claim.

## F.  Double Jeopardy

Finally, Plaintiff claims that changing his punishment from confinement to labor also violates the Double Jeopardy clause. The Double Jeopardy Clause protects second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *United States v. Ursery*, 518 U.S. 267, 273 (1996). Plaintiff suggests that the imposition of forced labor constitutes a second punishment for the same offense. The Magistrate Judge concluded that no double jeopardy violation occurred because Defendant did not subject Plaintiff to additional punishment by requiring him to labor. The Court agrees with the conclusion of the Magistrate Judge. Texas law mandates compulsory labor as one aspect of a term of confinement under Texas law. TEX. GOV'T CODE § 497.099(a). The imposition of forced labor is thus an indistinguishable characteristic of Plaintiff's sentence of confinement and does not constitute the imposition of additional punishment.

In his objections, Plaintiff appears to claim that the potential for loss of good time credits for refusal to work is the additional punishment violating the

Double Jeopardy Clause. This claim is not ripe because no denial of good credits, parole, or early release is alleged to have occurred. Even if Plaintiff had so alleged, the Court does not believe Plaintiff could assert a claim under the Double Jeopardy Clause. *See Gross v. Quarterman*, Civil Action No. H-04-136, 2007 WL 4411755, at *12 (S.D. Tex. Dec. 17, 2007) ("The denial of parole is not an additional punishment for the original offense. Therefore, the fact that petitioner may be eligible for parole and yet remains confined without an expectancy of an early release cannot constitute a double jeopardy violation.") (citing *Coronado v. United States Board of Parole*, 540 F.2d 216 (5th Cir. 1976)). The Court thus agrees with the Magistrate Judge's recommendation that the double jeopardy claim be dismissed.

## IV. Conclusion

The Court accepts the recommendation of the Magistrate Judge and DISMISSES this action pursuant to 28 U.S.C. § 1915(e)(2).

It is so ORDERED.

SIGNED this 31st day of July, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE